did not contemplate the waters of Lake Pontchartrain.

For the reasons assigned the judgment appealed from in this cause (No. 39,882) is affirmed.

HAWTHORNE, J., takes no part.

**58 So.2d 204**

**UNITED GAS PIPE LINE CO. v. Ralph A. DUBROCA, Sheriff and Ex-Officio Tax Collector of St. Charles Parish.**

**No. 40564.**

Feb. 18, 1952.

Rehearing Denied March 24, 1952.

Bolivar E. Kemp, Jr., Atty. Gen., and Adolph. Menuet, Jr., Special Asst. Atty. Gen., for defendants.

Kemble K. Kennedy, Baton Rouge, Wilkinson, Lewis & Wilkinson, Shreveport, and Sholars, Gunby & Guthrie, Monroe, for plaintiff-appellee.

HAMITER, Justice.

For the reasons assigned in United Gas Pipe Line Company v. Moise, 220 La. 969,

58 So. 197, the judgment appealed from herein is affirmed insofar as it orders a refund to plaintiff of taxes paid under protest on 12.65 miles of its pipe line in Lake Pontchartrain for Road District No. 3 and Pontchartrain Levee District of St. Charles Parish (a total of $2664.72), together with interest at the rate of 2% per annum on the separate amounts making up the total from the date of payment of each amount until refunded.

In all other respects the judgment of the district court is reversed and set aside and plaintiff's demands for the refund of taxes paid under protest are rejected.

The defendant shall pay the stenographer's costs for taking testimony in the district court, and the plaintiff shall pay the costs of the appeal.

HAWTHORNE, J., takes no part.

**58 So.2d 205**

**KROKROSKIA et al. v. MARTIN.**

**No. 40666.**

March 24, 1952.

Warren O. Coleman, New Orleans, for plaintiffs-appellees.

Sydney J. Parlongue, New Orleans, for defendant-appellant.

HAWTHORNE, Justice.

Plaintiffs-appellees, Mrs. Genevieve Anderson Krokroskia, Andrew Swen Anderson, Mrs. Zenobia Anderson Hauge, and Mrs. Gladys Anderson Hinphy, in their petition allege that they are desirous of a declaratory judgment in their favor and against the defendant-appellant, William E. Martin, Jr., quieting the title of the petitioner Mrs. Genevieve Anderson Krokroskia to two certain plots or parcels of land

situated in the Parish of St. Charles, Louisiana, and decreeing the defendant-appellant to be without any right, title, or interest in the property, and recognizing the petitioners as the sole and only owners of the property. Defendant's answer reveals that he is claiming an undivided one-eighth interest in the property, and as between these parties this one-eighth interest is the only interest in dispute. There was judgment in the lower court in favor of the plaintiffs, and the defendant appealed to this court.

Appellees have filed a motion to transfer the case to the Court of Appeal on the ground that this court is without appellate jurisdiction.

In First Nat. Life Ins. Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145, it was pointed out that the appellate jurisdiction of the Supreme Court, as fixed and established by Section 10 of Article 7 of the Constitution of 1921, extends to seven different classes of cases as enumerated therein by this court, and in Succession of Solari, 218 La. 671, 50 So.2d 801, the case of First Nat. Life Ins. Co. v. City of New Orleans, supra, was cited as authority for the proposition that this court will not take appellate jurisdiction of a suit for a declaratory judgment unless the case is one which falls within one of the classifications set out in the cited article of the Constitution.

We do not have jurisdiction of the present appeal unless the amount in dispute exceeds $2,000 exclusive of interest, because the case obviously does not come within any

of the other six classifications enumerated in Article 7, Section 10. Nowhere in the pleadings are there any allegations as to the value of the property. During the trial of the case one of the plaintiffs testified that the property was worth somewhere between $8,000 and $10,000 at the time of the trial. Since there is no affirmative showing that the value of the interest in dispute, an undivided one-eighth interest in the property, exceeds the sum of $2,000, this court is without appellate jurisdiction.

For the reasons assigned, it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, provided that the appellant shall file the record in that court within 30 days from the date this decree shall become final; otherwise the appeal shall be dismissed. Appellant is to pay all costs in this court.