JANVIER, Judge.
The City of New Orleans, under the Uniform Declaratory Judgments Act, LSA-R. S. 13:4231 to 13:4246, brought this suit against William C. Jackson, a sergeant in the Police Department of the City of New Orleans, seeking a judgment declaring and decreeing tbat the said Jackson has no claim against the City of New Orleans for back .pay during the period January 15th, 1947, to December 18th, 1950, during which time the said police officer had been under suspension and had performed no services whatever.
Attached to the petition of the City is a copy of a ruling of the Civil Service Commission of New Orleans, dated December 18th, 1950, under which the Commission held that the City was bound to reinstate the said Jackson to the position of sergeant with full pay for all time lost.
In its petition, the-City averred that it . did not agree nor concur in the opinion of the Commission, but that it was willing to reinstate the said Jackson but was not willing to pay the said back salary.
The City bases its contention that the ruling of the Civil Service Commission is erroneous on the alleged fact that after Jackson had been notified of his suspension from the police service, he failed to “timely file any proceedings to be reinstated.”
In answer to' the. petition of the City, Jackson averred that he had never received proper notice of his suspension; that he was entitled to notice of a trial before the Superintendent of Police, which he had never received, and that until he received such notice of such trial, he was under no duty to apply for reinstatement, and that accordingly his claim for back pay, based on the ruling of the Civil Service Commission of De *662 cember 18th, 1950, had not prescribed, and that in not sooner presenting such claim, he was not guilty of laches.
Jackson then assumed the position of plaintiff in reconvention and prayed that there be judgment against the City condemning it, through its proper officials, to pay to him the back salary amounting to $10,217.50.
The sole issue before the District Court was whether or not the claim of Jackson had been lost by laches or prescription, and the District Court rendered judgment, holding that the said claim had been lost, the district judge stating that in his opinion “the plea of laches filed by the City is well taken.”
From the judgment Jackson appealed to this Court.
It is conceded that the amount of back salary, which is involved, is more than $10,000 and the City of New Orleans has now filed a motion suggesting that, because of our lack of jurisdiction ratione materiae, the appeal should be either dismissed or transferred to the Supreme Court.
Of course, if, before this suit was filed, a suit based on the ruling of the Civil Service Commission had been brought against the City by Jackson, and, in that suit, Jackson, as he has done in his re-conventional demand here, had prayed for judgment against the City, there could have been no doubt whatever of our lack of jurisdiction to consider the appeal for, under Article VII, sec. 10 of the Constitution, the Supreme Court alone would have had jurisdiction.
Does the fact that the matter is presen-ed in the form of a declaratory judgment and is brought for the purpose of preventing such a suit by Jackson convert this into a matter in which only a declaratory judgment is sought and no amount of money is involved?
In First National Life Insurance Co. v. City of New Orleans, 218 La. 9, 10, 48 So.2d 145, the Supreme Court transferred to this Court, for lack of its own jurisdiction, a suit for a declaratory judgment in a matter in which the City was attempting to sell to the insurance company at private sale property which the insurance company had agreed to purchase for $275,000. The insurance company admitted that it had agreed to buy the property, but averred that it had grave doubt as to whether the City had the legal right to sell the property at private sale and. it demanded a declaratory judgment determining this question. The Supreme-Court, as we have said, held that it had. no jurisdiction and it reached this conclusion although the judgment of the district court had required that the insurance company “take title to the property as tendered,” which, of course, meant that the insurance company should pay to the City $275,000.
Shortly after that case had been transferred to this Court, the Supreme Court again transferred to this Court the matter of Board of Commissioners of the Port of New Orleans v. Hibernia National Bank, 219 La. 208, 52 So.2d 753. That case affected several million dollars worth, of bonds. See 52 So.2d 771.
As a result of those decisions of thé-Supreme Court there seemed to arise a. rather general impression that it was the-view of the Court that, regardless of the-amount of money which might be affected one way or the other as the result of a judgment rendered in a suit for a declaratory judgment, the jurisdiction on appeal would not be in the Supreme Court but. would be in the appropriate Court of Appeal.
However, such impression as may have-arisen as the result of those decisions was-somewhat dissipated when, in a later case. in which a declaratory judgment was prayed for, the Supreme Court did not transfer the appeal but, without even discussing • the question of jurisdiction, decided it on,, its merits. Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65.
As a matter of fact, in Texas Co. v. State Mineral Board, 216 La. 742, 44 So.2d 841, which antedated the decision of the Su- • preme -Court in First National Life Insurance Co. v. City of New Orleans, supra, the Supreme Court had considered an-appeal in a suit for a declaratory judg- - *663 ment which obviously involved tremendously valuable oil leases, and did not transfer the appeal to the Court of Appeal although, as we have said, the suit was one for a declaratory judgment.
Later, in Krokroskia v. Martin, 220 La. 992, 58 So.2d 205, 206, the Supreme Court used language which to our minds indicates plainly a view that there may be cases in which a declaratory judgment is prayed for, which nevertheless may be appealed directly to the Supreme Court. In that case the plaintiffs brought suit for a declaratory judgment, seeking the quieting of title to certain parcels of land. On appeal the Supreme Court said that it had no jurisdiction and transferred the matter to this Court, but it did not base its decision on the fact that the suit was one for a declaratory judgment, which would have been the obvious reason for transferring it if the Court intended to take the position that, in any suit for a declaratory judgment, it has no jurisdiction. It transferred the matter to us, saying:
“ * * * Since there is no affirmative showing that the value of the interest in dispute, an undivided one-eighth interest in the property, exceeds the sum of $2,000, this court is without appellate jurisdiction.”
If there remained any possible misunderstanding on the question of appellate jurisdiction in any case in which a declaratory judgment is prayed for, it has been completely dispelled by the latest decision of the Supreme Court, rendered on January 12th, 1953, in the matter of City of New Orleans v. Disabled American Veterans, 222 La. 507, 62 So.2d 817.
In that case the City of New Orleans brought a proceeding for a declaratory judgment having for its object the declaration of the nullity of a certain lease entered into between the City and the defendant. The lease had a value of $29,500. The Supreme Court discussed the issue of jurisdiction and held that, because of the value of the lease it had jurisdiction of the appeal.
If then there are cases in which, although a declaratory judgment is sought, the amount of money which is involved or which may be transferred as a result of .that judgment may determine jurisdiction on appeal, surely the case now before us is such a case.
There can be no question whatever that the effect of the final decree in this case will be either that the City will pay to Jackson more than $10,000, or will be relieved from the obligation of paying that amount. If, in such a case, the jurisdiction on appeal may be determined by whether the potential defendant brings suit for a judgment declaring that he owes nothing to the potential plaintiff, or the potential plaintiff brings suit for a money judgment against the potential defendant, then in any situation, where there is a dispute over whether there is anything due as a result of tort or breach of contract or on a note, the potential defendant, if, for reasons of his own, he prefers that the matter be finally decided by the -Court of Appeal instead of by the Supreme Court, may, by hurriedly filing suit for a declaratory judgment before the potential plaintiff can file suit for a money judgment, prevent the matter from being appealed to the Supreme Court, although the amount actually involved is largely in excess of the $2,000 limit which determines appellate jurisdiction of the Courts of Appeal. In almost every controversy which ultimately finds its way into court the parties reach a point in their negotiations in which they realize that only a judicial determination of their differences can settle them. When this stage is reached surely the party, against whom the claim is made, should not be permitted to determine the jurisdiction on appeal by “beating the other party to the draw” and filing suit for a declaratory judgment. Surely no such, result should be countenanced. If, as here, the amount in controversy exceeds $2,000, the jurisdiction on appeal should be in the Supreme Court regardless of whether the suit is by the plaintiff for a money judgment or is by the defendant for a judicial determination' that nothing is due.
We conclude that we have no jurisdiction to hear this appeal.
*664 It is now ordered, adjudged and decreed that the appeal be transferred to the Supreme Court of Louisiana pursuant to law, LSA-R.S. 13:4441, 13:4442, which transfer is to be effected within sixty days, and if such transfer should not be made within that time, then and in that event the appeal is to stand as though it had been dismissed. Appellant is to pay all costs in this Court.
Appeal Transferred to the Supreme Court of Louisiana.