SIMON, Justice.
This suit was instituted by the Attorney General of Louisiana on behalf of the State of Louisiana under the provisions of the self-styled “Uniform Declaratory Judgments Act” (Act 431 of 1948, Act 22 of the Extraordinary Session of 1948), now LSA-R.S. 13:4231 et seq., wherein the interested parties seek a court interpretation of the language of one sentence[1] contained in Act 319 of 1956, LSA-R.S. 17:341 et seq., *127 déaling with the classification of public schools by the Legislature of the State of Louisiana, as to whether attendance would be upon a basis of only white pupils at certain schools and only Negro pupils at certain schools, or the attendance by pupils of both races at certain schools so classified by the Legislature, but, in any event, that the exclusive authority to integrate any school or schools has been reserved to the Legislature of the State of Louisiana.
Among other individuals, the Orleans Parish School Board was named defendant. In the course of the litigation a petition of intervention was filed by Martin M. Gurtler, II, a citizen, property owner, and taxpayer of the Pai'ish of Orleans, Louisiana, who asserted that the act in question is susceptible to only one interpretation and that is that the Legislature of the State of Louisiana reserved to itself only the right to classify the public schools affected by said Act as white or' Negro schools but not as mixed schools attended by pupils of both white and Negro races. After the filing of this intervention, the State of Louisiana amended its original petition so as to make said intervenor a defendant. After a hearing on the merits judgment was rendered by the District Court interpreting the statute in question to the effect that Act 319 of 1956 reserved unto the Legislature of this State, itself, the right to finally classify schools as all white or all Negro, and reserved unto itself, exclusively, the right to classify a public school -as “mixed” or integrated. The intervenor and defendant prosecutes this appeal contending that the statute is not susceptible to an interpretation whereby schools could be classified “mixed” or integrated schools with white and Negro pupils attending the same schools.
Whilst the appellate jurisdiction of this Court is not raised by either of the interested parties, it is nevertheless the duty of the Court to consider its jurisdiction ex proprio motu.
The appellate jurisdiction of the Supreme Court, as fixed and established by Section 10 of Article 7 of the Constitution of 1921, LSA, extends to seven different classes of cases as enumerated therein; and in the Succession of Solari, 218 La. 671, 50 So.2d 801, in which was cited the case of First Nat. Life Ins. Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145, and thereafter approvingly cited in the case of Krokroskia v. Martin, 220 La. 992, 58 So.2d 205, we held that this Court will not take appellate jurisdiction of a suit fo.r a declaratory judgment *129 unless the case is one which falls within one of the classifications set out in the cited articles of the Constitution, supra. This principle was again enunciated by us in the case of Nolen v. Bennett, 238 La. 364, 115 So.2d 381
Obviously, this suit does not come within the first class enumerated in the constitutional provisions, supra, which provides that this Court has appellate jurisdiction in civil suits “ * * * where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest * * *.” The phrase “amount in dispute,” as used, necessarily includes within its meaning the value of a thing or right where it, instead of an amount, is in dispute. See Nolen v. Bennett, supra, and authorities therein cited. Nowhere in the pleadings are there any allegations as to the value of the amount in dispute or of the value of the right therein affirmatively shown. Upon a close scrutiny of the record we find that it fails to contain any affirmative evidence of a monetary demand or dispute as between the parties.
A perusal of the record will readily disclose that this suit does not come within the last six classifications enumerated in Article 7, Section 10. It appears to us that the only issue, if it can be so called, or the only matter which is presented to this Court, is a request for adjudication on the interpretation or construction to be placed upon the statute in question. The constitutionality of that statute has not been assailed; and it is well settled that the mere interpretation or construction of the articles of the Constitution (equally applicable to statutes of this State) does not of itself vest this Court with jurisdiction except where the lower court has declared them to be invalid and of no legal effect. State ex rel. Village of Roseland v. Addison, 233 La. 708, 98 So.2d 160.
The appellate jurisdiction of the Court of Appeal, as fixed and established by Section 29 of Article 7 of the Constitution, and as therein provided, extends “to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, * * (Italics ours.)
Undoubtedly the original jurisdiction in the instant case being vested exclusively in the Civil District Court for the Parish of Orleans, and convinced as we are that we are without jurisdiction and that appellate jurisdiction is vested in the Court of Appeal for the Parish of Orleans, it becomes necessary for us, in the exercise of our discretion, to transfer the case to that Court.
*131 ' For the reasons assigned it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, provided that the appellant shall file the record in that Court within thirty days from the date this decree shall become final, otherwise that this appeal be dismissed and that the cost of this Court be paid by the appellant.

. “ * * * It is clearly understood that the Legislature of the State of Louisiana reserves to itself the sole power to classify or to change the classification of such public schools from all white to any other classification, or from all Negro to any other classification, and the action of the Special School Classification Committee as recited hereinabove shall not become final until properly ratified by the Legislature.” Acts 1956, No. 319, Sec. 4.