the Louisiana State Board of Medical Examiners.

For the reasons assigned the conviction and sentence of the defendant herein (Mrs. E. Bowden), as affirmed by the Appellate Division No. 1 of the Criminal District Court for the Parish of Orleans, are annulled and set aside, and such defendant is discharged.

FOURNET, C. J., concurs in the decree.

**55 So.2d 767**

**STATE of Louisiana v. Mrs. E. REYNOLDS.**

**No. 40326.**

Nov. 5, 1951.

Rehearing Denied Dec. 10, 1951.

G. Wray Gill and Wm. C. Orchard, New Orleans, for relator.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Matthew S. Braniff, Asst. Dist. Atty., New Orleans, for appellee.

HAMITER, Justice.

For the reasons assigned this day in State v. Bowden, 220 La. 13, 55 So.2d 764, the conviction and sentence of the defendant herein (Mrs. E. Reynolds), as affirmed by the Appellate Division No. 1 of the Criminal District Court for the Parish of Orleans, are annulled and set aside, and such defendant is discharged.

FOURNET, C. J., concurs in the decree.

**55 So.2d 768**

**GRACE v. BOGGS et al.**

**No. 40597.**

Nov. 8, 1951.

Leander H. Perez and Charles J. Rivet, New Orleans, for appellant.

George M. Wallace and C. C. Wood, Baton Rouge, for defendant State Democratic Central Committee.

Jacob H. Morrison, New Orleans, Wood H. Thompson, Monroe, Henry B. Curtis, New Orleans, E. Herman Guillory, Ville Platte, Whitfield Jack, Harry V. Booth, Shreveport, J. Raburn Monroe, Monte Lemann, New Orleans, Ferd 'C. Claiborne, New Roads, Robert L. Tullis, Baton Rouge, and Arthur A. de la Houssaye, New Orleans, for defendant-appellee.

McCALEB, Justice.

Lucille May Grace and Hale Boggs are candidates for the Democratic nomination for the office of Governor in the primary election to be held on January 15th, 1952, having filed notifications of their respective candidacies with the State 'Central Committee of the Democratic Party on October 2nd, 1951, in conformity with a call previously issued by the Committee at its meeting held on the same day.

On October 15th, 1951, Miss Grace, acting under authority of LSA–R.S. 18:307, the Primary Election Law, Section 28 of Act 46 of 1940 and Section 4 of Act 351 of 1946, filed objections to the candidacy of Boggs alleging that he was a member of the United States Congress when (and at all times since) he filed notification of his candidacy and that he was also a member of an organization advocating doctrines inimical to the federal Constitution. She therefore

contended that the declaration accompanying Boggs' notification of candidacy was untrue as he did not possess the qualifications for candidacy prescribed by resolutions of the Committee.

On October 19th, 1951, when the Committee convened to hear the objections, it entertained a motion to summarily dismiss them because they were allegedly not filed with the Chairman of the Committee but only with its Secretary. The motion was carried by a majority vote of the members of the Committee and the objections were accordingly dismissed.

Thereafter, within the delay provided by law LSA–R.S. 18:307, 364, appellant instituted this suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge against Boggs and the Democratic State Central Committee, seeking a reversal of the Committee's decision and for an affirmative ruling that Boggs is disqualified. After a hearing on all phases of the case, the judge maintained several exceptions interposed by appellees and dismissed the suit. Wherefore this appeal.

At the outset, we consider, ex proprio motu, whether this court has appellate jurisdiction of the case. The jurisdiction of the Court, original, appellate and supervisory, is established by Section 10 of Article 7 of the Constitution. The grant of appellate jurisdiction set forth therein is of a limited nature, being confined to seven different classes of cases. See First Nat. Life Ins. Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145.[1] The instant appeal, which involves solely the assertion and enforcement of a political right granted by statute, is not cognizable here under our appellate jurisdiction as defined by Section 10 of Article 7—for, obviously, there is no amount (monetary or something capable of monetary appraisal) in controversy nor does it fall within any of the other types of cases of which we have appellate jurisdiction, even though there be no amount in dispute. Therefore, the appeal properly lies to the Court of Appeal as that Court is vested with general appellate jurisdiction of all cases of which the District Courts have exclusive original jurisdiction and "of which the Supreme Court is not given jurisdiction * * *". Section 29 of Article 7 of the Constitution; Bunol v. Bunol, 168 La. 391, 122 So. 121; Noe v. Maestri, 193 La. 382, 190 So. 588; Succession of Solari, 218 La.

[1]. The classes of cases, as pointed out in the cited case, are: (1) civil suits (excepting personal injury and workmen's compensation matters) where the amount in dispute or the fund to be distributed exceeds $2000; (2) domestic relation cases, including those relating to interdiction and tutorship of minors; (3) matters involving the constitutionality or legality of taxes; (4) those involving the constitutionality or legality of fines, etc.; (5) those involving the constitutionality of ordinances and laws which have been declared unconstitutional; (6) homestead exemptions and (7) criminal cases.

671, 50 So.2d 801 and Board of Com'rs v. Hibernia Nat. Bank, 219 La. 208, 52 So.2d 753.

It is, however, contended by counsel for appellant that, even though this court is without appellate jurisdiction under Section 10 of Article 7 of the Constitution, it nevertheless is clothed with the right to decide the case on appeal by reason of special jurisdiction conferred upon it by the Primary Election Law, specifically LSA–R.S. 18:307 and 364, wherein the Legislature is said to have fixed the appellate jurisdiction in election matters under authority of a mandate from the Constitution. The cases of Perez v. Cognevich, 156 La. 331, 100 So. 444; Brown v. Democratic Parish Committee, 183 La. 967, 165 So. 167; State ex rel. Graham v. Republican State Central Committee of Louisiana, 193 La. 863, 192 So. 374 and Langlois v. Lancaster, 217 La. 995, 47 So.2d 795, are cited in support of this proposition.

Perez v. Cognevich was a contest over the nomination for the office of Assessor in the Parish of Plaquemines. Defendant, having received a majority of the votes cast according to the canvass of the returns, was declared the nominee by the Democratic Executive Committee and Perez, the opposing candidate, contested the election for various reasons. The suit was dismissed by the District Court and, when the case was brought here, the defendant moved to dismiss the appeal on the ground that, since only the nomination and not the election to the office was being contested, this court was

without jurisdiction as there was no amount in dispute. The court overruled this motion, realistically observing that, inasmuch as the democratic nomination in Plaquemines Parish was tantamount to election, it was manifest that such nomination was worth over $2000 as the emoluments of the office exceeded $5000. But, unfortunately perhaps, the Court did not rest its decision on that basis. It went on to point out that Act 97 of 1922, the then applicable Primary Law declared that appellate jurisdiction in contested election cases was to be tested by the emoluments of the offices involved for the full term and that the Legislature, in so providing, was acting under a mandate contained in Section 12 of Article 8 of the Constitution commanding it to "provide by law for the trial and determination of contested elections of all public officers, * * * which trials shall be by the courts of law, * * *". On this premise, the Court reasoned that, whereas the constitutional provision did not expressly authorize the Legislature to determine the jurisdiction on appeal in contested election cases, such authority was "fairly implied" and that the Legislature therefore was empowered, in properly executing the command, to provide specially for appellate jurisdiction in such cases notwithstanding the provisions of Section 10 of Article 7 of the Constitution fixing the jurisdiction of this court.

Were this a contested election case, we would feel obliged, under the holding in Perez v. Cognevich, to conclude that our

appellate jurisdiction is to be tested by the emoluments of the office involved for the full term. LSA–R.S. 18:364, subd. E. But this is not an election contest; it is a suit, under LSA–R.S. 18:307, having for its object the disqualification of a candidate by reason of his alleged ineligibility. An election contest, as defined by the Primary Election Law, LSA–R.S. 18:364, subd. B, is one in which a candidate for office claims that "but for irregularities or fraud he would have been nominated or that he would have been entitled to enter a second primary * * *". See also State ex rel. Glorioso v. Board of Supervisors of Elections, La. App., 198 So. 773.

That the Legislature plainly recognized a difference between suits of this nature and election contests there can be little doubt for, in providing in the Primary Law, LSA–R.S. 18:307, for appeal to the courts in a case of this sort, it was simply declared that jurisdiction of the court, (meaning the trial court) delays, method of procedure and trial, "the *time* within which an appeal may be taken and prosecuted, and the *time* within which the appellate court must render a decision, shall, *as far as practicable,* be as is hereinafter provided for contesting elections". (Italics ours). There is nothing contained in this provision which indicates that the test of appellate jurisdiction should be the same as that provided for election contests. On the contrary, the Section, LSA–R.S. 18:307, merely sets forth that the short intervals prescribed in contested

election suits—that is, the time for taking an appeal and for the rendition of a decision by the appellate court—be followed "as far as practicable". Thus it is evident that the Legislature did not (as manifestly it could not) fix the jurisdiction of the appellate courts in cases of this sort.

In the cases of Brown v. Democratic Parish Committee and State ex rel. Graham v. Republican State Central Committee of Louisiana, supra, depended on by appellant (and others of the same nature which have been heretofore decided by this Court) our appellate jurisdiction was neither questioned nor considered. Hence, the decisions are not authoritative on the matter of jurisdiction.

The case of Langlois v. Lancaster, also cited by appellant, is clearly distinguishable from this as, there, the majority of the court found that the suit was an election contest in which the emoluments of office exceeded the minimum amount requisite for our appellate jurisdiction.

Counsel for appellant also maintain that, aside from Section 12 of Article 8 of the Constitution, the Legislature has been granted the right to provide for appellate jurisdiction in this case by Section 4 of Article 8, which directs the Legislature to enact laws to secure fairness in party primary elections, conventions, or other methods of naming party candidates. We fail to discern the respect in which this mandate to the Legislature carries with it the power to fix appellate jurisdiction in a case such as

this. Moreover, it seems clear that, even if it be assumed that such extensive powers were necessarily implied, the Legislature has not seen fit to exercise its authority—since, as above stated, LSA–R.S. 18:307 does not provide special appellate jurisdiction.

It is ordered that this appeal be transferred to the Court of Appeal for the First Circuit provided that the record is filed in that court within two days from the date of this decree; otherwise, the appeal shall be dismissed. The costs incurred in this court shall be paid by appellant.