PER CURIAM.
The relators, the Mayor and five members of the Board of Aldermen, and the Chief of Police of Rayne, Louisiana, have petitioned this Court for writs of mandamus and prohibition to stay further proceedings and to compel the granting to them of a suspensive appeal from the dismissal of their suit after trial on the merits. •
Relators filed suit in the Fifteenth Judicial District Court of Louisiana for the Parish of Acadia seeking to enjoin the Registrar of Voters of said Parish from attaching his certificate to the seven petitions filed with him seeking a recall election of said relators on the ground that LSA-R.S. 42:341-357 are unconstitutional. Re-lators secured a temporary restraining order and a rule nisi, however upon the trial of said rule the lower court disposed of the case upon the merits and recalled the temporary restraining order and dismissed .relators’ suit. Whereupon relators applied for a suspensive appeal, which was denied, hence the application to this Court for remedial writs.
The respondent Registrar in answer to the application for writs contends that this Court has no jurisdiction ratione materiae as the salary of the Mayor of Rayne, La., is in excess of $2,000. This is answered by our Supreme Court in the recent case of Grace v. Boggs, La.Sup., 55 So.2d 768, wherein it held that only the right to enter the primary election for Governor was at issue, and not the office of Governor. The office of Mayor is not at issue, only the rights to a recall election.
The identical question before us has been settled by the Supreme Court in the case of Agricultural Supply Company v. Livigne, 177 La. 15, 147 So. 365, 366. The Supreme Court after stating that the Judge of the District Court had not only refused to grant a preliminary injunction but had also passed upon the merits of the case held: “Necessarily, this is a final judgment from which the relator has the right to prosecute a suspensive appeal to this court. C.P. arts. 539, 565.»'
As the District Court in the present case has passed upon the merits herein and dismissed relators’ suit they are entitled to a suspensive appeal to this Court.
It is therefore ordered that a peremptory writ of .mandamus issue herein to respondent Judge Hon. N. Smith Hoifpauir, directing him to grant relators William J. Gossen, Hampton M. Boudreaux Sr., Aubrey J. Leger, Bertrand N. Sweeny Jr., Arnold Kahn, Eugene E. Morgan, and Bat-son Richard, an order for a suspensive appeal to this Court returnable according to law from the judgment read on the 18th day of December 1951, and signed on the 21st day of December 1951, and to fix the amount of the suspensive appeal 'bond.