MOISE, Justice.
 

 Plaintiff petitioned the court for the purpose of protecting itself against encroachments by defendants on an alley over which plaintiff had an unrestricted right-of-way and a servitude of passage, and to require defendants to remove a platform and steps that interfered with the full and free use of the servitude of passage. After trial and hearing, the district court gave judgment requiring the defendants, at their cost, to remove the steps and platform landing which unlawfully encroached on the servitude of passage and right of way of plaintiff, and to refrain from further encroachment over and across said alley.
 

 The matter for determination was first the encroachment on the servitude and right-of-way complained of by plaintiff, and, secondly, the matter of the extinguishment of the servitude and right-of-
 
 *36
 
 way. The issues were decided in favor of plaintiff and against the defendant.
 

 The defendants appealed to this Court and plaintiffs thereupon filed a motion to dismiss, or in the alternative, to transfer and remand.
 

 Precedent and authority- of the Constitution does not permit an appeal from the judgment of the district court where the question of damages or values in - monetary terms and amounts are not asserted, and shown of record. The Constitution gives no right.of appeal in this Court, unless there is a value fixed. The only monetary value involved in this suit is the value of plaintiff’s servitude, or its privilege to exercise a right of passage over a strip of property ten feet in width. Such value has not been fixed. Our appellate jurisdiction in civil suits of this nature obtains where “the amount in dispute” shall exceed $2,000, exclusive of interest. Section' 10, Art. . 7, Const, of 1921. The phrase “the amount in dispute” as thus used, includes within its meaning the value of a thing or right where it, instead of an amount, is in dispute. Tucker v. Woodside, 218 La. 708, 50 So.2d 814; Frierson v. Cooper, 196 La. 450, 199 So. 388. Therefore, since neither the pleadings nor the proof show affirmatively the value of the servitude on which defendants have placed the encroachment, this Court is without appellate -jurisdiction. Castleberry v. Ethridge, 223 La. 466, 65 So.2d 138.
 

 As a rule, we do not dismiss appeals, but rather give to appellant the right to. transfer to the court of proper jurisdiction.
 

 For the reasons assigned and by virtue of the authority vested in this Court by Act No. 19 of 1912, LSA-R.S. 13:4441,
 

 It is ordered that this appeal be transferred to the Court of Appeals of the First Circuit, provided that the record be filed in that court within thirty (30) days from the date this judgment shall become effective, otherwise, the appeal shall be dismissed. The costs of this court are to be paid by appellant.