80 So.2d 402

### CITY OF NEW ORLEANS

v.

**Michael LANGENSTEIN, George Langenstein; Richard Langenstein; George & Richard Langenstein, Doing Business as Michael Langenstein & Sons or Langenstein Brothers.**

No. 41906.

April 25, 1955.

---

3. Jones v. First National Bank, 215 La. 862, 41 So.2d 811, 813.

Harry R. Cabral, Harry R. Cabral, Jr., Lewis R. Graham, New Orleans, for defendants-appellants.

Henry B. Curtis, City Atty., Edgar Corey, Luther E. Hall, Jr., Asst. City Attys., New Orleans, for plaintiff-appellee.

SIMON, Justice.

Plaintiff seeks to enjoin the defendants from occupying or using their premises, located in the City of New Orleans, bearing No. 1300 Arabella Street, for commercial purposes as being in violation of the zoning laws of the City of New Orleans, and to compel them to remove or demolish certain structures so as to conform with the limitations prescribed therein. The district court rendered judgment in favor of the plaintiff, and the defendants appealed.

Plaintiff filed a motion to dismiss or transfer this appeal on the ground that there is no showing of the amount in dispute or the value of the right asserted so as to vest us with jurisdiction over this controversy. Counsel for mover are correct in their contention, for in a thorough examination of the record we fail to find in the pleadings or the evidence adduced any proof of the value of the right in contest upon which our jurisdiction may rest.

This Court is without appellate jurisdiction of defendants' appeal since the record fails to affirmatively show that the amount in dispute or the value of the right asserted

exceeds the sum of $2,000, exclusive of interest, nor does this case fall within any other of the classes of cases of which this Court is given appellate jurisdiction. La. Const. of 1921, Art. 7, Sec. 10, LSA; Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; City of New Orleans v. Ryman, 225 La. 1092, 74 So.2d 386.

We quote with approval the following from the case of State v. Cook, 197 La. 1027, 3 So.2d 114, 116:

"* * * In determining whether this court has appellate jurisdiction because of the amount in dispute, or because of the value of the thing in dispute, or because of the subject matter of the suit, in a given case, the record must show *affirmatively* that the court has appellate jurisdiction; otherwise the appeal must be dismissed or transferred to the Court of Appeal. * *" (Italics ours.)

Counsel for defendants urge that because of the location of this property in New Orleans we should exercise judicial cognizance of the value of the right asserted and construe or infer from that fact alone that the amount in dispute, or the value of the right asserted is in excess of the sum of $2,000, and that we should retain jurisdiction over this matter. This contention is not supported by the law or jurisprudence of this state, which has oft been declared as herein above expressed See also the recent cases of Plauche v. Albert, 215 La. 776, 41 So.2d 677; Sexton v. Waggoner, 222 La. 680, 63 So.2d 428; Harris v. Pierce, 224 La. 585, 70 So.2d 134.

By virtue of the authority vested in this Court under LSA–R.S. 13:4441 and 13:4442, it is ordered that this case be transferred to the Court of Appeal, Parish of Orleans, the transfer to be made within thirty days after this decree has become final; otherwise the appeal is to be dismissed; the appellant to pay the costs of this appeal; all other costs to await the final disposition of the case.