86 So.2d 189

**STATE ex rel. Fred S. LE BLANC**

**v.**

**DEMOCRATIC STATE CENTRAL COMMITTEE et al.**

No. 42804.

Feb. 7, 1956.

See also 229 La. 556, 86 So.2d 192.

Fred S. LeBlanc, Atty. Gen., pro se, and A. Leon Hebert, Ashton L. Stewart, Baton Rouge, for relators.

Rufus D. Hayes, Jack P. F. Gremillion, Baton Rouge, Camille F. Gravel, Jr., Alexandria, Edmund M. Reggie, Crowley, G. Dupre Litton, N. Cleburn Dalton, William C. Bradley, Baton Rouge, for respondents.

SIMON, Justice.

Inasmuch as the provisions of LSA–R.S. 18:364, Par. E, requiring a decision in cases of this character within 24 hours after submission, and the exigencies of the case under consideration requiring immediate action, we herewith hand down our decree in this matter—the reasons for which will follow in due course:

For the reasons to be hereafter assigned, the alternative writs of prohibition and mandamus issued by this court in these proceedings are now made peremptory; and, accordingly, the temporary restraining order and the rule nisi issued in this matter by the trial judge below is hereby set aside; the exception of no cause of action filed by respondents, Rufus D. Hayes, Chairman Democratic State Central Committee, Wade O. Martin, Jr., Secretary of State, Jesse L. Webb, Sr., Secretary Democratic State Central Committee, and Jack P. F. Gremillion, is sustained, and relator's suit is hereby dismissed at his cost.

McCALEB, Justice (dissenting from the issuance of writs).

Relator seeks to have this court exercise its supervisory jurisdiction, without his first having exhausted his remedy in the district

court, by the issuance of a rule nisi for the respondents, Democratic State Central Committee, Wade O. Martin, Jr., Secretary of State and Jack P. F. Gremillion, to show cause why a preliminary injunction should not be granted prohibiting each of them from acting upon a resolution of the Democratic State Central Committee of February 1, 1956, dispensing with the holding of a second primary to elect a nominee of the Democratic Party for the office of Attorney General of the State of Louisiana.

The facts are that relator has filed a suit against respondents in the Nineteenth Judicial District Court praying for the same relief as presently sought in this court and that the district court has issued a rule nisi for respondents to show cause on February 7, 1956 and has also temporarily restrained the Democratic State Central Committee and the Secretary of State from complying with the resolution of the Democratic State Central Committee pending the hearing on relator's application for a preliminary injunction.

In other words, at the time of the filing of this application for remedial writs, relator had obtained all of the relief prayed for in his petition which the trial court could possibly give him in advance of a hearing. Hence, the application to this court for remedial writs under our supervisory jurisdiction actually presents nothing for this court to supervise as there is no adverse order of the district court of which relator is complaining.[1] In reality, relator is not invoking our supervisory jurisdiction but is seeking to have this court exercise original jurisdiction of the case which we are without authority to do as our original jurisdiction is confined by the Constitution to disbarment cases, involving misconduct of members of the bar, and suits for the removal from office of judges of courts of record.[2] Section 10 of Article 7 of the Constitution.

The case of Long v. Martin, 194 La. 797, 194 So. 896, does not sustain relator's position as that case presents the reverse of the situation here. There, the trial court, like here, had granted Long a rule nisi for a preliminary injunction, coupled with a temporary restraining order. But, unlike this case, it was the respondents, Chairman of the Democratic State Central Committee and the Secretary of State, who applied to this court for remedial writs complaining of the temporary restraining order issued against them and alleging that, unless this court granted immediate relief, none could be obtained as the official ballots had to be delivered to the many precincts throughout the State by a certain date. Here, as I have above pointed out, relator has no com-

---

1. Under Section 7 of Rule XIII of the Rules of this Court, every petition for a writ of certiorari, prohibition or mandamus must be accompanied by a certified copy of the order or ruling complained of.

2. The court also has original jurisdiction for determination of questions of fact affecting its own appellate jurisdiction in any case pending before it.

plaint as to the court order temporarily restraining respondents, in accordance with the prayer of his petition.

Nor does the other case relied on by relator, State ex rel. Rosenstock v. Democratic Municipal Executive Committee, 197 La. 469, 1 So.2d 697, support the contention that this court has authority to grant him the relief prayed for at this time. That decision merely upholds the right of this court to issue writs and consider any case under our supervisory powers where the remedy by appeal is inadequate because there is not ample time within which to have the case decided on appeal. It is apt to point out in this connection that the case of State ex rel. Rosenstock v. Democratic Municipal Executive Committee was decided prior to the time when this court adopted the policy of refusing to accept jurisdiction in cases properly appealable to the Courts of Appeal, see Grace v. Boggs, 220 La. 22, 55 So.2d 768 and, whereas this court will not hesitate to accept and consider cases under its supervisory jurisdiction upon a showing that the remedy afforded by an appeal is inadequate, it should not exercise supervisory jurisdiction in cases in which the appeal lies to one of the Courts of Appeal. Those courts are vested by Section 2 of Article 7 of the Constitution with supervisory powers in aid of their own appellate jurisdiction.

Since the filing of this application, respondents have presented a motion in which they join with relator in requesting that this court exercise its supervisory jurisdiction in the case. Of course, the joinder by respondents cannot confer jurisdiction, as jurisdiction cannot be conferred by consent of the parties.

On the other hand, if this motion is treated as a petition for writs, the case would fall in the same category as that of Long v. Martin, supra, and it must be admitted that that decision would be authority for the granting of writs. However, it is my opinion that the premise on which Long v. Martin was decided is incorrect and the holding should not be perpetuated by this court. Orderly proceedings in a district court should not be restrained on the basis of expediency and the jurisdiction of a court should not be ousted on the theory that the exigencies of time do not permit a trial. Nothing new has arisen in this case that was not known at the time suit was filed. Hence, the transfer of the case to this court for decision constitutes a usurpation of power and the assumption by this court of original jurisdiction (which it does not possess) no different from the situation which would exist if the case had been filed here in the first instance.

I respectfully dissent from the granting of the writs.