**88 So.2d 706**

**CITY OF LAKE CHARLES**

v.

**Mrs. Evelyn Shirley FUNGAY.**

**No. 42850.**

**June 11, 1956.**

Carmouche & Martin, Lake Charles, for defendant-appellant.

George W. Liskow, James R. St. Dizier, Lake Charles, for plaintiff-appellee.

PONDER, Justice.

The plaintiff-appellee and the intervenors have moved to dismiss the appeal lodged in

this Court on the ground that this Court does not have appellate jurisdiction of the case.

The City of Lake Charles brought proceedings against the defendant seeking to enjoin her from using her premises in violation of certain zoning ordinances of that City and sought the removal of structures erected in violation of the ordinances. On hearing of these proceedings, the trial court gave judgment enjoining the defendant from violating Ordinances 707 and 806 of the City of Lake Charles in connection with her property described in the petition and commanded the defendant to remove from her premises the structures placed thereon with the exception of a two-family dwelling. The defendant appealed and the plaintiff-appellee and the intervenors have moved to dismiss the appeal on the grounds that this Court does not have appellate jurisdiction of the case.

The record does not affirmatively show that we have appellate jurisdiction in this case. The testimony of the witness relied upon by the appellant to establish appellate jurisdiction is to the effect that the entire property is valued in excess of $2,000. There is no testimony as to the value of the property sought to be removed or as to the value of the right invaded by the injunction. In two cases this Court has held that in a suit to enjoin the violation of a zoning ordinance where the record fails to show affirmatively that the value of the right in contest exceeds $2,000

the Supreme Court does not have appellate jurisdiction. See City of New Orleans v. Ryman, 225 La. 1092, 74 So.2d 386; City of New Orleans v. Langenstein, 227 La. 770, 80 So.2d 402. The record fails to affirmatively show that the structures ordered removed were worth in excess of $2,000.

For the reasons assigned, it is ordered that this cause be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of Act No. 19 of 1912, LSA–R.S. 13:4441, 13:4442; the record to be filed in said court by appellant within thirty days from finality of this decree; otherwise, the appeal to stand dismissed.