HAMLIN, Justice ad hoc.
In this suit, plaintiff, in substance, prayed for an accounting of the entire quantity of gas and other products, produced and sold by the defendant-operator appointed by the Department of Conservation, from certain unitized areas embracing acreage owned by him. He also sought to recover his proportionate share of the market value of such products.
By supplemental petition, plaintiff alleged that he made Orders No. 125-A-l and No. 125-A-2 of the Department of Conservation, dated December 30, 1947 and February 2, 1948, respectively, a part of his original petition. He admitted that the Commissioner of Conservation of the Department of Conservation of the State of Louisiana, under date of February 10, 1955, issued Order No. 125-A-l-a, purporting to fix the costs of drilling, completing and equipping the Abney-Bryson Unit Wbll No. 1 at $73,348.17 and the costs of drilling, completing and equipping the Mays Unit “A” Well No. 1 at $115,367.94. However, he further alleged that—
“Petition further shows that he has never consented or agreed to the costs of development and operation of the units above described and has never agreed to the costs of said units as fixed by the Commissioner of Conservation.”
A second petition was -filed after the trial judge sustained an exception of *517 vagueness with leave to amend, and the defendant filed an exception of no cause of action and an exception to the jurisdiction ratione materiae. After the exception to the jurisdiction ratione materiae was sustained, the trial judge permitted the case to he reopened for the purpose of taking testimony to establish the amount in controversy. By stipulation of counsel, it was stated that the defendant had produced and marketed from the Abney-Bryson Unit gas and other petroleum produced in excess of $75,000.00 and from the Miller-Mays Unit #1 products in excess of $150,000.00.
The trial court reinstated its judgment maintaining the exception to the jurisdiction ratione materiae, and the plaintiff appealed from that judgment.
This Court, ex proprio motu, must determine whether it has appellate jurisdiction. Grace v. Boggs, 220 La. 22, 55 So.2d 768; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583; Haney v. Dunn, La., 93 So.2d 532.
For this Court to have jurisdiction of the instant matter, the record must affirmatively show that the amount in dispute exceeds $2,000. Article VII, Sec. 10, Louisiana Constitution of 1921, LSA; Wainer v. Kirn, 223 La. 669, 66 So.2d 587; Lerner Shops of Louisiana, Inc., v. Reeves, 224 La. 33, 68 So.2d 748.
The pleadings and attached orders show drilling costs and revenues received from the wells herein involved, hut plaintiff states in his supplemental petition, supra, that he has never consented nor agreed to the costs. There is no showing that the net figure will exceed $2,000, and, therefore, plaintiff’s action is primarily one for an accounting. In the case of Winsberg v. Winsberg, 229 La. 61, 85 So.2d 31, 32, we stated:
“ * * * an action for an accounting is not primarily a monetary demand but rather the assertion of a justiciable right which may or may not become the subject of a monied judgment, depending upon whether the district judge upholds or denies the claim. * * * The other right in controversy, i. e. — for an accounting of the revenues and profits derived from the personal property of Jacob Winsberg’s estate — which was rejected by the judge, is, as we have above stated, incapable of measure in dollars and cents and, unless and until an accounting is ordered, cannot be considered in determining appellate jurisdiction.”
The above statement is applicable to the present controversy; and, since there is no showing that the fund in dispute or to be distributed exceeds $2,000, this Court is without appellate jurisdiction. Thomas v. Southdown Sugars, 231 La. 75, 90 So.2d 682; State ex rel. Schwehm v. Morrison, 224 La. 811, 70 So.2d 881.
*519 For the reasons assigned, and by virtue of LSA-R.S. 13:4441, 13:4442, it is ordered that this appeal be transferred to the Court of Appeal for the Second Circuit, provided the record be filed in that court within thirty (30) days from the date this judgment shall become effective; otherwise, the appeal shall be dismissed. The costs of this Court are to be paid by appellant.