SIMON, Justice.
On November 2, 1953 plaintiff purchased from Andress-Hanna, Inc. a 1953 model Mercury Monterey coupe at a total price of $4,105.89, and for which he traded a used 1947 Ford sedan at a credit of $881.49 and paid $150 in cash. For the difference in price he executed a note in the sum of $3,074.40, secured by a chattel mortgage in favor of the Universal C. I. T. Credit Corporation, payable in thirty monthly installments of $102.48 each.
Plaintiff made six payments on the mortgage note and upon his defaulting on two successive installments the defendant Universal C. I. T. Credit Corporation repossessed said car. Whereupon plaintiff instituted this suit alleging the repossession to have been illegal and claimed damages in the sum of $16,801.37, which he itemized as follows:
(a)Amounts paid in trade-in allowance on the old car $1,751.37
(b) Improvements to the car 50.00
(c) Damages for loss of business 1,000.00
(d) Mental anguish 5,000.00
(e) Damage for embarrassment and humiliation 5,000.00
(f) Loss and value of the car 4,000.00
It was stipulated between the parties that the value of the automobile at the time of the alleged illegal seizure was $1,250.. .
The trial court rendered judgment in favor of plaintiff and against the Universal C. I. T. Credit Corporation in the sum of $1,400 with legal interest from date of judicial demand until paid, and dismissed plaintiff’s demands against Andress-Hanna, Inc.
Universal C. I. T. Credit Corporation has appealed from said judgment to this Court. Plaintiff answered and prays that the judg *565 ment against said appellant be increased from $1,400 to $16,801.37 with interest.
On examining the record with the view of determining our appellate jurisdiction we find by the evidence adduced that the amount in dispute at the time that the case was submitted to the district court for decision did not exceed the sum of $2,000. It being manifest that this Court has no jurisdiction over this cause, we take cognizance of that fact ex proprio motu, notwithstanding the failure of the parties to have raised this issue. Maginnis Land & Improvement Co. v. Marcello, 168 La. 997, 123 So. 653; Town of Springhill v. Murphy, 170 La. 1054, 129 So. 634; State v. Green, 210 La. 190, 26 So.2d 693; State v. Ware, 228 La. 713, 84 So.2d 56.
In the recent case of Harris v. Barron, 231 La. 1076, 93 So.2d 663, 664, we held as follows:
“In determining the question of jurisdiction this Court is not bound to accept the allegations of the petition but will look into the record to ascertain the real amount in dispute. Allegations of jurisdictional facts are not the exclusive test of jurisdiction. Wilkins v. Gantt, 32 La.Ann. 929; Lea v. Orleans, 46 La.Ann. 1444, 16 So. 456; Spearing v. Whitney-Central Nat. Bank, 129 La. 607, 56 So. 548; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817.
“In the case of Nash v. Curette, 218 La. 789, 51 So.2d 71, 73, with reference to the appellate jurisdiction of this Court, we pronounced the following principles : ‘It is well settled in the jurisprudence of this state that a plaintiff’s allegations as to the amount in dispute will not control in determining the appellate jurisdiction of this court where the nature of the case, as disclosed by the record, is such that an award in plaintiff’s favor could not exceed our minimum jurisdiction of $2000.00. See Bensel v. Kuhlman, 154 La. 150, 97 So. 347; Guidry v. Breaux, 158 La. 1002, 105 So. 43; Trahan v. Breaux, 212 La. 459, 32 So.2d 845.
“ ‘Further, it is well settled that, where the allegations of damages are evidently exaggerated, they will be disregarded by this court in passing upon the question of jurisdiction. Quaglino v. Curren, 127 La. 126, 53 So. 464; French v. Trout Creek Lumber Co., 141 La. 18, 74 So. 575; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817; Buck v. Latimer, 151 La. 883, 92 So. 372; Lo Cicero v. Societa Italiana Di M. B. Christoforo Columbo, 151 La. 887, 92 So. 373; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Walsh v. Bush, 206 La. 303, 19 So.2d 144.’
“In the early case of Wunderlich v. New Orleans Ry. & Light Co., 143 La. 626, 79 So. 80, this court held that, ‘* * * where the appellate jurisdiction depends *567 upon the amount involved, the question of amount will be determined by the circumstances disclosed by the records, rather than by the allegations of the litigants * * *. Wilkins v. Gantt, 32 La.Ann. 929; State ex rel. Police Jury of Livingston Parish v. Miscar, 34 La.Ann. 834; Buddig v. Baldwin, 38 La.Ann. 394; Pinckney v. Wolf, 41 La.Ann. 306, [6 So. 27]; Johnson v. Hosmer, 108 La. 697, 32 So. 961; Leury v. Baton Rouge C. Co., 117 La. 956, 42 So. 439; Schlemmer v. Howard, 120 La. [321] 322, 45 So. 263; Nick v. Bensberg, 123 La. 351, 48 So. 986; Weis v. [New Orleans] Board of Trade, 125 La. 1010, 52 So. 130; Bloomfield v. Thompson, 133 La. [209] 211, 62 So. 634.’ ”
In the instant case, as above noted, the value of the new car, including improvements thereon was stipulated by the parties to be $1,250, which amount the trial court accepted as a basis for its award for this item. We find no evidence which in any wise supports plaintiff’s claim for damages as a result of his alleged loss of business.
The trial court awarded to plaintiff the sum of $150, apparently in full satisfaction of his claim for damages for alleged mental anguish, embarrassment and humiliation. There is no evidence in the record affirmatively showing that plaintiff would be entitled to an increase of said award such as would cause the amount in dispute to be in excess of $2,000 and thereby vest jurisdiction in this Court,
Manifestly, there can be no award made in satisfaction of plaintiff’s claim for damages for loss and value of the repossessed automobile. The trial court, in accordance with the stipulation of counsel for both sides, awarded plaintiff the full cash value of whatever equities he owned in said car, namely $1,250. It follows that there is no legal basis for entertaining plaintiff’s claim for damages in the sum of $4,000 allegedly due for the loss and value of the car so repossessed.
Thus it is readily seen from the record itself, the allegation of the petition notwithstanding, that plaintiff has grossly inflated his claim for damages and that under the proof adduced by the parties the value thereof could not have supported the requirement that the amount in dispute, at the time the case was submitted to the district court, exceed the sum of $2,000 so as to vest appellate jurisdiction in this Court. La. Const.1921, Art. 7, Sec. 10, LSA.
Accordingly, for the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal, Second Circuit, pursuant to the provisions of LSA-R.S. 13 :4441 and 13:4442, the records to be filed in such court by appellants within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. All costs of the appeal to this Court shall be paid by appellant; all other costs to await final disposition of the cause.