SIMON, Justice.
The State of Louisiana on the relation of the Village of Roseland was granted a peremptory writ of mandamus to compel the assessor of Tangipahoa Parish to assess certain property belonging to the Roseland Wirebound Box Company, Inc., which allegedly did not at the time of the filing of this action appear on the tax rolls. The property was exempt from ad valorem taxes by virtue of certain contracts entered into under authority contained in Art. 10, Sec. 4, Sub-Sec. 10, of the La. Const, of 1921, LSA. Relator contended that said exemption does not apply to municipal taxes and that therefore the property of said company had not been properly assessed in accord with Art. 10, Sec. 22 of the La. Const, of 1921.
The said Roseland Wirebound Box Company, Inc. was not made a party to this suit, notwithstanding an exception of non-joinder of parties-defendant filed by the respondent. An exception of no cause of action was overruled.
After trial the lower court rendered judgment in favor of the relator ordering the assessor to place on the rolls for the year 1957 property purchased by the Rose-land Wirebound Box Company, Inc. on March 9, 1951, together with additions to the plant in the respective amounts of $429,238.67 and $240,000. The court further ordered that the assessment rolls for 1954, 1955 and 1956 be supplemented by the adding of a descriptive value of the machinery purchased March 9, 1951, less the $12,000 assessment value presently on the rolls It further ordered that the assessment rolls for 1955 and 1956 be supplemented to include the plant additions valued at $429,238.67, and that the 1956 roll be further supplemented to include the plant additions valued at $240,000.
At the outset, we consider, ex proprio motu, whether this Court has ap *711 p’ellate jurisdiction of this cause, and on examining the record we find that it fails to contain a scintilla of affirmative evidence of a monetary demand or dispute as between the parties. The case involves solely the right of relator to, by mandamus, compel the assessor of the Parish of Tangipahoa to assess certain property on the tax rolls. Grace v. Boggs, 220 La. 22, 55 So.2d 768; Allen v. Republican State Central Committee of Louisiana, 220 La. 722, 57 So.2d 413. The record also fails to show that this case falls within any other of the classes of cases of which this Court is given appellate jurisdiction. La. Const. of 1921, Art. 7, Sec. 10; Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; City of New Orleans v. Ryman, 225 La. 1092, 74 So.2d 386; City of New Orleans v. Langenstein, 227 La. 770, 80 So.2d 402.
The mere interpretation or construction of articles of the constitution does not of itself vest jurisdiction, except where the lower , court has declared same to be invalid and of no effect. Art. 7, Sec. 10, La. Const. of 1921. In the instant case there is no such showing.
Accordingly, by virtue of the authority vested in this Court under LSA-R.S. 13:-4441 and 13:4442, it is ordered that this case be transferred to the Court of Appeal, First Circuit, the transfer to be made within thirty days after this decree has become final; otherwise the appeal is to be dismissed; the 'appellant to pay the costs of this appeal; all other costs to await the final disposition of the case.