TURNER, Justice.
This is an action by the Public Housing Administration to have it judicially declared that the Louisiana Constitution does not prohibit the State and its political subdivisions from insuring their property under fixed premium, non-assessable insurance contracts with mutual insurance companies.
The facts, which are not disputed and were stipulated by the parties, may be summarized as follows: Public Housing Administration (hereinafter referred to as “Administration”) is an agency of the United States (42 U.S.C. §§ 1403, 1404a, 1405, 42 U.S.C.A. §§ 1403, 1404a, 1405). The Housing Authority of the City of Bogalusa (hereinafter referred to as “Housing Authority”) is a public corporation created and established pursuant to LSA-R.S. 40:381 et seq. and is authorized to borrow money or accept contributions from Administration for the purpose of building and maintaining low-rent housing projects in the City of Bogalusa. LSA-R.S. 40:474(11) expressly authorizes Housing Authority to insure its property in either stock or mutual companies. Administration has entered into an Annual Contributions Contract with Housing Authority in furtherance of the low-rent housing program in Bogalusa. Under the terms of the contract Housing Authority is required to carry fire and extended coverage insurance on the projects, the contract requiring Housing Authority to advertise for competitive bids and to award such insurance to the lowest responsible bidder. The contract further provides that the lowest bid shall be determined upon the basis of net cost to Housing Authority, defining cost to mean the gross deposit premium, plus the cost of insurance against the hazards, if any, assessments, less any anticipated dividend based on the dividend payment and assessment record of the insurer for the previous ten years.
Pursuant to the terms of the contract, Plousing Authority advertised for bids for fire and extended coverage insurance and Liberty Mutual Fire Insurance Company, a mutual insurance company (hereinafter referred to as “Liberty”), submitted the lowest responsible bid as that term is defined in the contract, that is, an initial premium of $6,742.61 and an estimated dividend of $1,348.52, based on the ten-year experience table. The type of policy to be written by Liberty was non-assessable, the insured was not subject to any contingent liability, nor liable for any assessment, and by virtue of the policy, the policyholder was a member of the company and entitled to vote in person or by proxy at all meetings of the company. Housing Authority rejected this bid and placed the insurance with Reliance Insurance Company, a stock company (hereinafter referred to as “Reliance”), which bid $6,742.61, with no estimated dividend, contending that LSA-R.S. 40:474(11) is unconstitutional as Article IV, Section 12, of the Louisiana Constitution, LSA prohibits Housing Authority from purchasing insurance with mutual insurance companies. It is worthy of note that this bid is in the exact amount submitted by Liberty before the supplemental bid, which made allowance for dividends in the amount of $1,348.52.
*895 Administration instituted this action against Housing Authority and by supplemental petition joined Liberty and Reliance as defendants. Housing Authority and Reliance filed answers praying that Reliance be declared the lowest responsible legally acceptable bidder because the Constitution prohibited Housing Authority from insuring in a mutual insurance company. Liberty answered praying that the court declare that it was the lowest legally responsible bidder and that the Constitution does not prohibit the State or its political subdivisions, including Housing Authority, from purchasing insurance from a mutual insurance company. The Attorney General and a large number of independent insurance agents intervened as defendants, asserting the same defense as Housing Authority and Reliance.
After a trial on the merits, the district court rendered judgment in favor of Administration and defendant, Liberty, holding that the Louisiana Constitution does not prohibit the State or any political corporation thereof from securing insurance coverage under fixed premium, non-assessable policies from mutual insurance company and that Liberty was the lowest responsible bidder for providing fire and extended coverage insurance on Housing Authority’s low-rent housing projects. Housing Authority, Reliance and intervenors appealed suspensively from this judgment.
This Court, ex proprio motu, must determine whether it has appellate jurisdiction. Katz v. Singerman, 238 La. 915, 117 So.2d 56; Breaux v. Simon, 235 La. 453, 104 So.2d 168; State ex rel. Village of Roseland v. Addison, 233 La. 708, 98 So.2d 160; Anisman v. Stanolind Oil and Gas Company, 232 La. 514, 94 So.2d 650; Levy v. Andress-Hanna, Inc., 232 La. 562, 94 So.2d 668; and Haney v. Dunn, 231 La. 988, 93 So.2d 532.
At the time of its submission to this Court on June 9, 1960, this appeal was governed by the provision of Article VII, Section 10, of the Constitution which gave this Court jurisdiction in civil suits where the amount in dispute or the fund to be distributed exceeded $2,000 exclusive of interest. The phrase “the amount in dispute” as thus used includes within its meaning the value of a thing or right where it, instead of an amount is in dispute. Katz v. Singerman, supra; and Lerner Shops of Louisiana v. Reeves, 224 La. 33, 68 So.2d 748; Succession of Solari, 218 La. 671, 50 So.2d 801.
The prayer of plaintiff’s petition seeks a judgment of the Court declaring:
(a) That the Housing Authority of the City of Bogalusa is required by its Annual Contributions Contract with the Public Housing Administration to award the contract for fire and extended coverage insurance on Projects Nos. LA-21-1 and LA-24-2 to the lowest responsible bidder;
(b) That the purchase of such insurance by the Housing Authority of the City of Bogalusa from a mutual insurance company is not prohibited by the Constitution and laws of the State of Louisiana; and
(c) That the lowest responsible bidder, on the basis of net cost as defined in the said Annual Contributions Contract, is the Liberty Mutual Fire Insurance Company, and accordingly the Housing Authority of the City of Bogalusa is required to award the contract of insurance for Projects Nos. LA-24-1 and LA-24-2 to said company.
Actually, the relief sought in the instant case is not a money judgment but a right to be awarded a contract of insurance. The dispute is between Administration, sponsoring the cause of Liberty and Housing Authority, sponsoring the cause of Reliance, the two insurance companies that submitted bids for the insurance on a certain housing project in the City of Bogalusa. The premium quoted by each on the identical risk was $6,742.61. One of the companies, however, was a mutual company and submitted its premium bid by an anticipated and speculative dividend in the amount of $1,348.52. While the amount of the bid is *896 far in excess of the jurisdictional amount of this Court prior to the late change, no money judgment is sought for that amount, but simply a right to enter into a contract of insurance in that amount. The amount actually to be derived from the contract and retained by the company is purely speculative. Insurance by its very nature is speculative. At the termination of the contract period it is entirely possible that when the company balances its losses against its profits, on this particular risk, that there will be no amount of money left for its benefit.
Looking at the situation from another view, we cannot consider the amount of the premium bids as determinative of jurisdiction because both companies submitted the same bid. If, in fact, a dispute exists, it is on the difference of the supplemental bid and the original bid in the amount of $1,348.52, which is, of course, less than the jurisdictional amount of $2,000. If this is a suit under the Declaratory Judgment Act there is no allegation or argument that the loss to be suffered would exceed the jurisdictional amount of $2,000, nor is there any claim for a money judgment in excess of $2,000. So it appears to us that this should properly be transferred to the Court of Appeal for the First Circuit.
Although the constitutionality of a State statute has been attacked, the provisions of Article VII, Section 10, Sub-Section 2, of the Constitution which allow appeals to this Court in those cases in which a law of this State has been declared unconstitutional are not applicable for the reason that the district court held the statute constitutional.
No appeal lies to this Court under the provisions of Article VII, Section 10, of the Constitution now in effect. Jurisdictional amount has been eliminated as a basis for appeal to this Court and, as before stated, a state statute must have been declared unconstitutional before this Court has jurisdiction of the appeal on an attack of unconstitutionality of a statute.
For the reasons assigned, and by virtue of LSA-R.S. 13:4441-13:4442, it is ordered that this appeal be transferred to the Court of Appeal, First Circuit, provided the record be filed in that court within thirty days from the date this judgment shall become effective; otherwise, the appeal shall be dismissed. The costs of this Court are to be paid by appellants.
HAMITER, J., dissents.