McCALEB, Justice;
Plaintiff and one of the defendants herein, Mrs. Laura Verret Wilty, from whom plaintiff is judicially separated, are candidates for the democratic nomination to the office of Assessor of Jefferson Parish in the primary election to be held on December 7, 1963. When Mrs. Wilty qualified for the office under the name “Mrs. Vernon J. Wilty, Jr.”, plaintiff timely filed objection with the Jefferson Parish Democratic Executive Committee to his wife’s use of this name, contending that it was not her correct legal name and was so deceptively similar to his name that her application to become a candidate should be rejected or, if her application be accepted, she should be required to use the name of Mrs. Laura Verret Wilty or Mrs. Laura V. Wilty.
The Parish Democratic Executive Committee overruled this objection and certified the name of Mrs. Vernon J. Wilty, Jr. to the Secretary of State. Thereupon, plaintiff applied to the Twenty-Fourth Judicial District Court for relief, joining his wife and the Committee as parties defendant conformably with R.S. 18:307. After a hearing the court set aside the action of the Committee, sustained the objection of plaintiff and ordered the Committee to certify Mrs. Wilty as a candidate for the office of Assessor under the name of Laura Frieda Wilty or Laura Verret Wilty.
Mrs. Wilty has appealed here from the adverse decision and plaintiff has moved to dismiss on the ground that this Court is without jurisdiction of the case.
The motion is well founded. Section 10 of Article 7 of the Constitution, as amended by Act 561 of 1958, defines the appellate jurisdiction of this Court and restricts such jurisdiction to five classes of cases specifically described therein. Paragraph 4 of the *713 Section deals with election contests. It states:
“(4) Appealable cases involving election contest, but only if the election district from which the suit or contest arises does not lie wholly within a court of appeal circuit; * *
The election in contest in this case, involves only the Parish of Jefferson, which lies wholly within the jurisdiction of the Court of Appeal, Fourth Circuit. See Section 20 of Article 7 of the Constitution, as amended by Act 561 of 1958.
While this suit is not strictly an election contest (see Grace v. Boggs, 220 La. 22, 55 So.2d 768), the procedure herein and judicial review, original and appellate, is governed by the rules applicable to election contests as specially provided by R.S. 18:-364. Hence, since the election district from which the suit arises lies wholly within Jefferson Parish, the Court of Appeal, Fourth Circuit, has jurisdiction of the case.
Accordingly, it is ordered that this appeal be transferred to the Court of Appeal, Fourth Circuit, provided the record is filed in that court within two days from the date of this decree; otherwise, the appeal shall be dismissed. The costs incurred in this Court shall be paid by appellant.
HAWTHORNE, J., concurs with written reasons.