## No. 9506.

THE STATE EX REL. JAMES DAVID VS. THE JUDGES OF THE COURT OF APPEALS OF THE FIFTH CIRCUIT.

It is only where the legality of a tax is at issue, that is, where a tax is charged as being unauthorized by law, or being authorized, that the law itself is unconstitutional, that the Supreme Court has exclusive appellate jurisdiction.

From the fact that an assessment is erroneous and that a sale of the property assessed is a nullity for some error, it does not follow that the tax, to pay which the sale was made, is in itself illegal. An issue on those questions does not involve the legality of the tax.

A circuit court has appellate jurisdiction over such a cause which does not come within that of this Court, where the matter in dispute does not exceed two thousand dollars.

In such a case, a prohibition does not lie to the circuit court.

# APPLICATION for Prohibition.

*R. McCulloh* and *Pugh & Folse* for the Relator.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a prohibition to arrest the execution of a judgment of the circuit court. It is based on the ground of absence of jurisdiction *rationae materiæ.* The prayer is also that an order be made for the transmission to this Court of the proceedings below, that their validity may be ascertained.

It is urged by the relator that the matter at issue in the controversy is the legality of a tax, and that the determination of such a question appertains exclusively to this Court.

From the averments it appears that the suit referred to is one in which the plaintiff claims the ownership of certain real estate.

Averring apprehensions of disturbance and molestation by a party pretending to have acquired the same from the State, to whom it had been adjudicated at a tax sale, which is charged with nullity, in consequence of illegal assessments,—the plaintiff obtained an injunction to quiet him in his possession and enjoyment.

After issue joined, the district court perpetuated the injunction.

On appeal the circuit court reversed that judgment and remanded the cause.

A first petition for a rehearing having been refused, the appellee moved for another, on the new ground of want of jurisdiction, the matter involved being the legality of the tax, over which the Supreme Court alone has jurisdiction.

The circuit court overruled the second application and maintained its jurisdiction.

The case presented involved merely the validity of an adjudication to the State of property offered for sale for non-payment of taxes, and that of a sale of the property by the State to the defendant in injunction.

There is not the slightest reference to the *tax* for the payment of which the property was seized, and still less is any averment made that it is illegal or unconstitutional.

The contention was that, as the property had been illegally assessed, the adjudication to the State and the sale by her are nullities; that the plaintiff was never expropriated and that he must be quieted in his possession and enjoyment.

The complaint made in the second application for a rehearing and in the petition for relief in this court, is that the tax to pay which the property was seized is illegal only because the property was improperly assessed.

There never was an issue between the State or the parish and the relator as to the legality or illegality of the tax, and it is only in such cases that an appeal lies to this Court regardless of amount.

It may be that the assessment was illegal and that consequently the adjudication and the sale attacked are nullities; but that circumstance does not justify the conclusion that the tax is illegal and unconstitutional, so as to give to this Court jurisdiction over the injunction suit which involves, after all, only a question of title.

A tax is deemed illegal only where there is no law to authorize the levying of it, or, where there being such law, that law is unconstitutional and so void. An erroneous assessment does not make a tax illegal. A tax may be legal or constitutional, though the assessment be defective. 32 Ann. 817; 33 Ann. 286; 36 Ann. 286, 364, 801; 37 Ann. 507.

It is in such cases only that this Court has exclusive appellate jurisdiction, regardless of amount.

As in Block vs. Fontenot, 35 Ann. 965, it may well in the present controversy be observed that the "pleadings in the injunction suit do not present the question of the legality or constitutionality of any tax, under the assessment complained of. That branch of our jurisdiction has therefore no application to this case, and our jurisdiction must in consequence be tested by the amount in dispute." See also 11 Ann. 743; 2 Ann. 538; 4 Ann. 13; 5 Ann. 880; 3 Ann. 693; 9 Ann. 645, 305, 350; 10 Ann. 724.

It does not appear that the property in question exceeds in value $2000.

The circuit court properly maintained its jurisdiction, and no prohibition can issue to prevent the execution of its judgment.

Application refused.
Rehearing refused.