## No. 10,346.

STATE OF LOUISIANA EX REL. HUGO H. FREDERICKS VS. BOARD OF ASSESSORS.

Where the principal business of a manufacturer is the making of machinery and other articles used in the preparation of an agricultural product of this State for market, the property used for the manufacture of these articles is exempt from taxation, although the property may be incidentally employed in the manufacture of other articles, not included in Art. 207, but of a like kind.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis*, J.

*Chas. Louque* for the Relator and Appellee.

*T. Mc. C. Hyman* and *Wynne Rogers* for Respondents and Appellants.

The opinion of the Court was delivered by

McENERY, J. This is a mandamus proceeding to compel the Board of Assessors of the parish of Orleans to erase and cancel the assessment of certain property against the relator, on the ground that it is used in the manufacture of articles which exempts it from taxation by Art. 207 of the State Constitution. He employs more than five persons in the manufacture of the articles alleged to be exempt from taxation. There was judgment in the lower court in favor of the relator ordering the Board of Assessors to cancel the assessment, and the State Tax Collector and the City Treasurer to cancel from their books the taxes for the year 1888, against said property.

The relator carries on the business of brass and sheet iron worker. He manufactures steam trains, for making sugar, shake pans and evaporators, clarifiers, juice tanks, breeching, fire bricks and steam and water pipes, all of which are used in the machinery employed for the preparation of an agricultural prokuct, raised in this State.

He also manufactures turpentine stills, distillery and brewing work, which are incidental to the manufacture of the other articles, which is his principal business.

The relator, in the absence of a constitutional prohibition, can employ his property for both purposes. The constitutional provision exempting the property used in the manufacture of certain articles, does not exclude the employment of the property to other and intimately associated purposes. The reason for the adoption of Art. 207 was to encourage the manufacture of certain articles therein enumerated, and when the object has been attained, which the provision of the article intended, by the manufacture and production of these articles, the property has accomplished the purpose and should be exempt from taxation. Martin vs. N. O., 38 Ann. 393.

We conclude that the principal business of the relator is the manufacture of articles used in the preparation of an agricultural product of this State for market, and that the manufacture of other articles in his establishment are intimately connected with the principal business which he carries on, and that the manufacture of these articles does not destroy the right of relator to have his property exempt from taxation when it is employed in the manufacture of articles enumerated in Art. 207.

Judgment affirmed.