We are of the opinion that we have no jurisdiction of this case.

The appeal is therefore dismissed.

---

(51 South. 687.)

No. 17,855.

ARGYLE PLANTING & MFG. CO., Limited, v. CONNELY, Sheriff, et al.

(Feb. 28. 1910.)

*(Syllabus by the Court.)*

1. COURTS (§ 224*)—SUPREME COURT—JURISDICTION—TAX ASSESSMENTS.

The Supreme Court has no jurisdiction of questions of error in tax assessments, but has jurisdiction where the power of the taxing authority to levy a tax is at issue.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 224.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 108*)—TAXES—LEVY AND ASSESSMENT.

Special school taxes may be voted and levied at any time on the assessment of the current year.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 108.*]

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. P. Martin, Judge.

Action by the Argyle Planting & Manufacturing Company, Limited, against A. W. Connely, sheriff, and others. Judgment for defendants, and plaintiff appeals. Affirmed in part, and transferred to the Court of Appeals.

Harris Gagne, for appellant. H. M. Bourg, Dist. Atty. (H. M. Wallis, Jr., of counsel), for appellees.

**On Motion to Dismiss.**

LAND, J. This is a suit to enjoin the collection of special taxes in two school districts of the parish of Terrebonne, and to annul and avoid the assessment for the year 1907.

The lands and other taxable property of the plaintiff were listed and assessed in the usual manner for the year 1907. Subsequently the special taxes complained of were voted in the respective school districts. One ground of the cause of action as set forth in the petition is that the assessment does not show what portion of the listed property is in each school district. In other words, plaintiff's contention is that the assessment is illegal because the property in each school district was not separately assessed. The petition admits that on the assessment as made the gross special school tax amounts to the sum of $522.50.

The petition further alleges that one of the taxing ordinances was levied on March 20, 1907, and the other on June 12, 1907; and that both ordinances are illegal, null and void. In his brief filed in this court, plaintiff contends that the ordinances are illegal because they "impose taxes for a year that had already well elapsed." Having alleged the necessary facts, it follows that the power of the police jury to levy such taxes is disputed, and that therefore the legality of the tax for the year 1907 is at issue.

On the other hand, this court has no jurisdiction over the alleged defects in the assessment.

In State ex rel. Badger v. Recorder of Mortgages, 41 La. Ann. 534, 6 South. 819, the court said:

"It is evident that the only issue between the parties to this litigation is as to the manner of the assessment. The assessment may be erroneous and the tax constitutional and valid. Bush & Levert v. Police Jury, 39 La. Ann., page 900 [2 South. 790]; [State v. Judges] 37 La. Ann. 898."

## On the Merits.

We know of no statute which forbids the levy of special school taxes on the assessment of the current year. It is the mandatory duty of the police jury, whenever a petition is presented by the required number of taxpayers, to order a special election, and, when the special tax is voted, to immediately pass an ordinance levying such tax, for the year or years designated in the petition of the taxpayers. Act 131 of 1898, p. 200; Act No. 174 of 1902, p. 327; Act No. 145 of 1904, p. 317.

It is therefore ordered that the judgment be affirmed as to the legality of the special taxes in dispute, and, on the affidavit already made, that this case be transferred to the Court of Appeals for the Parish of Terrebonne for the determination of the remaining issues; plaintiff to pay costs in this court.