146 So.2d 157

**WASHINGTON PARISH POLICE JURY OF LOUISIANA et al.**

**v.**

**WASHINGTON PARISH HOSPITAL SERV- ICE DISTRICT NO. I et al.**

**No. 46070.**

Nov. 5, 1962.

W. W. Erwin, Franklinton, Richardson & Gallaspy, Bogalusa, for plaintiffs-appellants-intervenors.

France W. Watts, Jr., Hillary J. Crain, Delos R. Johnson, Jr., A. Clayton James, Jr., Haley M. Carter, Franklinton, for defendants-appellees.

SUMMERS, Justice.

Acting upon the authority of Article XIV, Section 14(d–2) of the Louisiana Constitution, LSA and Chapter 10 of Title 46 of the Revised Statutes of 1950 (LSA–R.S. 46:1051 et seq.) the Washington Parish Police Jury enacted an ordinance on September 13, 1961, by unanimous vote, creating a hospital service district in that parish, describing and defining the boundaries thereof, appointing five commissioners and fixing October 3, 1961, as the date on which the commissioners were directed to meet and organize in accordance with law. Pursuant to this authorization the commissioners met and organized.

Thereafter on November 14, 1961, the police jury held a special meeting at which it adopted a motion rescinding the ordinance of September 13, 1961, relative to the creation of the hospital district.

Though they knew of this action the commissioners of the hospital district proceeded to hold an election on December 12, 1961, in which they submitted these two propositions to the electors of the district:

"PROPOSITION NO. 1

"Shall Washington Parish Hospital Service District No. 1, State of Louisiana, incur debt and issue bonds to the amount of Three Hundred Seventy-Five Thousand Dollars ($375,000.00), to run twenty-five (25) years from date thereof, with interest at a rate not exceeding six per centum (6%) per annum, for the purpose of acquiring buildings, machinery and equipment, including both real and personal property, to be used in providing hospital service facilities for said Hospital Service District, title to which shall be in the public?

"PROPOSITION NO. 2

"Shall Washington Parish Hospital Service District No. 1, State of Loui ·

siana, levy a one (1) mill tax on all of the property subject to State taxation in said Hospital Service District for a period of ten (10) years, beginning with the year 1962 and ending with the year 1971, for the purpose of constructing, maintaining and operating the hospital facilities of said Hospital Service District?"

Both propositions carried and on December 13, 1961, the results of the election were canvassed. At that time a proces-verbal of the canvass of the returns of the election was made and a certified copy thereof ordered forwarded to the Secretary of State, Baton Rouge, and a like copy forwarded to the Clerk of Court and Ex Officio Recorder of Mortgages of Washington Parish for recordation in the mortgage records of his office. After promulgating these results by proclamation and publication no further action has been taken by the hospital district.

The police jury then instituted suit on January 11, 1962, contesting the existence of the hospital district on the grounds that the ordinance creating it had been rescinded. It sought an injunction to prevent any other official action based upon the creation of

the hospital district, including the collection of the tax authorized by the election of December 12, 1961.[1]

This suit was resisted by the hospital district, the defense being that the action of the police jury rescinding the ordinance creating the hospital district was subject to certain formal objections which we need not particularize for the purpose of this opinion and, further, once created, the hospital district under LSA–R.S. 46:1060 had "perpetual existence" and could not be dissolved by the police jury.

There was judgment in the trial court declaring that the police jury could not abolish the hospital district and hence recognizing the legality of the actions of the hospital district commissioners in holding the election of December 12, 1961. The court also denied the injunction.

The issue then is whether the police jury may rescind its action creating a hospital service district, after the hospital service district has organized, and if such authority exists, whether the proper formalities were observed by the police jury to bring about that result.

---

1. There was an intervention by certain interested parties which reiterated and adopted the allegations of the petition of the police jury. Additionally, the intervention challenged the validity of the election on the basis of certain alleged irregularities. However, these irregularities are no longer at issue, it having been stipulated in the trial court that the irregularities would not affect the results of the election. Too, the arguments concerning the irregularities are no longer urged.

This matter is before us on appeal and Article VII, Section 10(1) of the constitution is relied upon to invoke the appellate jurisdiction of this court. That constitutional provision is to the effect that a case may be appealed to the Supreme Court where the "Constitutionality or legality of any tax, local improvement assessment, toll or impost *levied* by the state or by any parish, municipality, board or subdivision of the state is contested." (Emphasis supplied.)

We think that the suit here is clearly one where the legality of a tax would be in contest if a tax had been "levied", for if the contention of the police jury is upheld the hospital district's actions in holding the tax election is clearly unauthorized as that body had no legal existence on the date of the election. Cf. State Farm Mutual Automobile Ins. Co. v. Ott, 221 La. 1061, 61 So.2d 872 (1952). Since the election was a legal prerequisite to the imposition of the tax and because the election was held by a hospital district which, according to the police jury's contention, had been abolished, the tax approved in that election would therefore be illegal.

■ However, the fact that the legality of certain prerequisites to the imposition of a tax is in contestation is not enough to vest appellate jurisdiction in this court under the pertinent constitutional provision. In addition to the legality of the tax be-

ing in contest in other respects, the tax must also have been "levied." Therefore, our concern is whether the tax has been "levied", as it is required to be, before the case can be heard here on direct appeal for this court, *ex proprio motu*, must determine whether it has appellate jurisdiction. Public Housing Administration v. Housing Authority of the City of Bogalusa, 240 La. 477, 123 So.2d 893 (1960).

With respect to Proposition No. 1, we note that subdivisions of the state, such as the hospital district in question, may incur debt and issue negotiable bonds if a majority in number and amount of the qualified property taxpayers vote in favor of the proposition. After promulgating the returns of such an election the governing authority may by resolution authorize the issuance of the bonds. LSA–R.S. 39:551, 561. When the bonds are issued the governing authority is then to impose and collect the tax. LSA–R.S. 39:569. Since the bonds have not been issued and no action has been taken to impose the tax in this case, there is no levy.

It is to be noted from the quoted language of Proposition No. 2 that the question voted upon was "Shall Washington Parish Hospital Service District No. 1 * * * levy a one (1) mill tax on all of the property subject to State taxation in said Hospital Service District for a period

of ten (10) years, beginning with the year 1962 and ending with the year 1971 * * *"

 The approval of this proposition by the electorate does not of itself constitute a levy of the tax, but constitutes an authorization to the district to proceed and levy and collect the tax thereafter. LSA–R.S. 46:1064, 39:501. (E. g., LSA–R.S. 33:2663, 33:2703). Until the district does take action to impose the tax pursuant to the authorization, there is no levy. We do not consider that the action, taken by the commissioners of the hospital district subsequent to the election on December 12, 1961, constitutes a levy. Because the tax has not been "levied" this court has no appellate jurisdiction. Cf. Argyle Planting and Mfg. Co. v. Connely, 125 La. 685, 51 So. 687 (1910); Howcott v. Smart, 125 La. 50, 51 So. 64 (1910) and Hyatt v. Police Jury of East Feliciana, 28 La.Ann. 233 (1876).

It is therefore ordered that this appeal be transferred within thirty days from the date of the finality of this decree to the Court of Appeal, First Circuit, to be proceeded with according to law, otherwise said appeal to be dismissed. LSA–R.S. 13:4441–4442; LSA–Code of Civ.Proc. Art. 2162. Costs of the transfer and proceedings in this court to be paid by appellants; all future costs to await final disposition of the case.