184 So.2d 535

**In re Elwood Joseph LEDET Applying for Adoption of Harold Louis Monceaux and Dwayne Joseph Monceaux.**

**No. 47991.**

March 28, 1966.

2

Allen C. Gremillion, Edwards & Edwards, by Nolan J. Edwards, Crowley, for appellant.

Herbert O'Niell, Thibodaux, for appellee.

HAMLIN, Justice.

On August 5, 1965, Elwood Joseph Ledet filed suit in the district court, praying for a final decree of adoption which would declare Harold Louis Monceaux and Dwayne Joseph Monceaux, children of his wife, Carolyn Spights, by a former marriage previously existing between her and Ray Gene Monceaux, to be his children to the same extent as if they had been born of his marriage to their mother. He further prayed that the children's surname be changed to "Ledet". Plaintiff alleged in his petition that notwithstanding an order of court, the children's father had made no payment for their support for a period of more than three years and three months. He urged that Monceaux's failure to support his children entitled the husband of their mother to the right to adopt them, even over the objections of the legitimate father.

Monceaux answered plaintiff's petition, averring that he objected to the adoption of his children and had never surrendered or abandoned them. He stated that he 'had never refused to support the children; that no payment of support had been made for the reason that he did not know their whereabouts, not being able to visit with them nor having contact with plaintiff and his wife.

After hearing evidence, the trial court found that Ray Gene Monceaux failed or refused to support his minor children for a period of more than one year (LSA–R.S. 9:422.1) after having been ordered by a court of competent jurisdiction to do so. It dismissed his opposition and held that his consent to the adoption was not required.

Monceaux filed a motion for a suspensive and alternatively a devolutive appeal to the Supreme Court; alternatively, he prayed for an appeal to the First Circuit Court of Appeal. The order of appeal was in accordance with appellant's motion. Bond was furnished and the appeal was lodged in this Court.

Appellant states in brief that this Court has jurisdiction under the provisions of Art. VII, Sec. 2, La.Const. of 1921. Section 2 [1] treats of the issuance of writs and not of appeal.

1. "The Supreme Court, the Courts of Appeal, and each of the judges thereof, subject to review by the court of which he is

a member, and each district judge throughout the State including judges of the Civil and Criminal District Courts

Art. VII, Sec. 10, La.Const. of 1921, sets forth the appellate jurisdiction of this Court in civil cases as follows:

"The following cases only shall be appealable to the Supreme Court:

"(1) Cases in which the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the state or by any parish, municipality, board or subdivision of the state is contested;

"(2) Cases in which an ordinance of a parish, municipal corporation, board or subdivision of the state, or a law of this state has been declared unconstitutional;

"(3) Cases in which orders of the Public Service Commission are in contest, as is provided in Article VI, Section 5 of this Constitution;

"(4) Appealable cases involving election contest, but only if the election district from which the suit or contest arises does not lie wholly within a court of appeal circuit; and

"* * *

"If a case is appealed properly to the Supreme Court on any issue, the Supreme Court has appellate jurisdiction over all other issues involved in the case."

Nowhere in the above constitutional provision do we find that appellate jurisdiction is vested in this Court in a case of the instant character.

■■ This Court ex proprio motu must determine whether or not it has appellate jurisdiction. Washington Parish Police Jury of La. v. Washington Par. Hosp. S. D., 243 La. 671, 146 So.2d 157. We find that the present proceeding is one to which our appellate jurisdiction does not extend, and therefore it must be transferred to the proper Court of Appeal.

The case of In Re Ackenhausen, 244 La. 730, 154 So.2d 380, cited by appellant in support of his contentions, was heard in this Court on Writ of Certiorari directed to the Court of Appeal, Fourth Circuit, for review of its judgment in an adoption proceeding. 146 So.2d 37.

It is therefore ordered that this appeal be transferred to the Court of Appeal, First Circuit, within thirty days from the date of the finality of this decree, to be proceeded with according to law, otherwise said appeal to be dismissed. LSA–R.S. 13:4441, 13:4442; LSA–Code of Civ. Proc. Art. 2162. Costs of the transfer and proceedings in this Court to be paid by appellant; all future costs to await final disposition of the case.

in the Parish of Orleans, may issue writs of habeas corpus, in behalf of any person in actual custody in cases within their respective jurisdictions; and may also, in aid of their respective jurisdictions, original, appellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process, and where any of said writs are refused, the appellate courts shall indicate the reasons therefor."