PER CURIAM.
The plaintiff instituted this action to enjoin the issuance of bonds in accordance with two separate bond resolutions adopted by the Lake Charles Harbor and Terminal District. One of the bases of plaintiff’s suit is the alleged unconstitutionality of the acts under which the resolutions were adopted and of the acts of the defendant district. The district court granted defendant’s motion for summary judgment and plaintiff appealed.
The defendant District has raised the question of this court’s jurisdiction by a motion to dismiss the appeal.
*640 The appellee District contends that the instant. appeal is controlled by Article 7, Section 10 of the Louisiana Constitution, which provides for exclusive appellant jurisdiction of the Supreme Court of “(1) Cases in which the constitutionality of legality of any tax, local improvement assessment, toll or impost levied by the state or by any parish, municipality, board or subdivision of the state is contested * * (Italics ours) [1]
Concisely stated, defendant’s position is that since the bond resolutions adopted by defendant contemplate the levy of a tax and since plaintiff has attacked the constitutionality of the resolutions, the instant case falls within the provisions of the Louisiana Constitution quoted above. If this position is sound, the Supreme Court of Louisiana would have appellate jurisdiction of the instant appeal and we would not.
However, our Supreme Court has ruled contrary to defendant-appellee’s position in Washington Parish Police Jury v. Washington Parish Hospital Service, 243 La. 671, 146 So.2d 157, 160 our Supreme Court stated:
“ * * * When the bonds are issued the governing authority is then to impose and collect the tax. * * * Since the bonds have not been issued and no action has been taken to impose the tax in this case, there is no levy. * * * Until the district does take action to impose the tax pursuant to the authorization, there is no levy. * * * Because the tax has not been ‘levied’ this court has no appellate jurisdiction. * *
An examination of the Revised Statutes concerning the Lake Charles Harbor and Terminal District (LSA-R.S. 34:201 et seq.) reveals that the passage of a bond resolution does not constitute a tax “levied” by the district. See LSA-R.S. 34:211, which provides:
“The board shall levy annually on all property situated within the district subject to taxation any special taxes that may be necessary to provide for the payment of principal and interest on the bonds authorized to be issued under this Part.”
For the above reasons, we determine that we have jurisdiction over the instant appeal under the provisions of Article 7, Section 29 of the Louisiana Constitution, vesting us with appellate jurisdiction of cases which cannot be appealed directly to the Supreme Court. Consequently, we overrule the motion to dismiss the appeal to this court.
Motion to dismiss appeal denied.

. Under Article VII, Section 10, La. Constitution, the Supreme Court also has exclusive jurisdiction of “ (2) Cases in which an ordinance of a parish, municipal corporation, board or .subdivision of the state, or a law of this state has been declared ««.constitutional.” (Italics ours.) Since the acts and resolutions were not held unconstitutional, it is conceded that this provision does not supply a basis for appellate jurisdiction of the Supreme Court rather than that of this court.