ON MOTION TO TRANSFER
LOTTINGER, Judge.
This matter is before us at this time on a motion to transfer an appeal to the Supreme Court of Louisiana.
This case involves the dual adoption by a married couple of each other’s children of prior marriages. Jesse Thornton Edwards seeks to adopt Antoniette Lynn Cuc-cia and Terri Ann Cuccia, issue of his present wife’s Maydee S. Edwards, marriage to William J. Cuccia; and Mrs. May-dee S. Edwards seeks to adopt Jesse Thornton Edwards, Jr., Janet Marlene Edwards, John Erwin Edwards and Judy Ann Edwards, issue of her present husband’s, Jesse Thornton Edwards, marriage to Majorie Pittman Edwards.
Both William J. Cuccia and Majorie Pittman Edwards are nonresidents of this State, and an attorney-at-law was appointed to represent them. A general denial answer was filed on behalf of William J. Cuccia, and Majorie Pittman Edwards retained her own attorney. The Trial Judge ruled in favor of the adoption and also in favor of changing the names of Antoniette Lynn Cuccia and Terri Ann Cuccia to An-toniette Lynn Edwards and Terri Ann Edwards, respectively.
From this judgment, Mrs. Majorie Pittman Edwards, now Mrs. Majorie P. Byrd, appealed to this Court, and now seeks to have this appeal transferred.
Appellant relies on LSA-Const. Art. 7, Section 52 which provides in part as follows :
****** “Appeals. Appeals shall lie to the Supreme Court of the State of Louisiana, from all final judgments rendered by the Juvenile Court. An appeal shall lie on questions of law and of fact when the judgment of the court affects the custody, care or control of children under seventeen years of age, but such appeal shall not discharge the child to whom said judgment relates from the custody of the Juvenile Court or of the person, institution or agency to whose care such child may be committed by the Juvenile Court unless the Supreme Court shall so order. An appeal also shall lie on questions of law and of fact on both interlocutory and final judgments in adoption proceedings; in all other cases an appeal shall lie on questions of law alone.
«* * * amended Acts 1936, No. 324, adopted Nov. 3,1936; Acts 1938, No. 198, adopted Nov. 8,1938; Acts 1948, No. 539, adopted Nov. 2, 1948).” (Emphasis added)
The jurisdiction of the Courts of Appeal of this State is governed by LSA-Const. Art. 7, Section 29, which provides as follows :
“Any provision of this Constitution or law to the contrary notwithstanding, the courts of appeal have appellate jurisdiction of the following cases of which the Supreme Court is not given appellate jurisdiction under Article VII, Section 10 of this Constitution; all matters appealed from the family and juvenile courts, except criminal prosecutions against persons other than juveniles; all civil and probate matters of which the district *455 courts throughout the state have exclusive original jurisdiction; and all civil matters involving more than one hundred dollars, exclusive of interest, of which the district courts throughout the state have concurrent jurisdiction.
“All appeals of which the courts of appeal have appellate jurisdiction as provided in this Section shall be on both the law and the facts, except where the appeal is limited to questions of law only by any other Section of the Constitution.
“Each court of appeal has supervisory jurisdiction subject to the general supervisory jurisdiction of the Supreme Court, over all inferior courts in all cases in which an appeal would lie to the court of appeal. (As amended Acts 1958, No. 561, adopted Nov. 4, 1958).” (emphasis added)
And, as to the Supreme Court’s jurisdiction, LSA-Const. Art. 7, Section 10, provides :
“The Supreme Court has control of, and general supervisory jurisdiction over all inferior courts.
“It has exclusive original jurisdiction of disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as the court may adopt; of suits for the removal from office of judges of courts of record as elsewhere provided in this Constitution; and of the determination of questions of fact affecting its own appellate jurisdiction in any case pending before it, and to that end, it may make such orders and decrees as it may deem proper.
“In civil cases, its appellate jurisdiction extends to both the law and the facts. In criminal matters, its appellate jurisdiction extends to questions of law only.

“The following cases only shall he appeal-able to the Supreme Court:

(1) Cases in which the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the state or by any parish, municipality, board or subdivision of the state is contested;
(2) Cases in which an ordinance of a parish, municipal corporation, board or subdivision of the state, or a law of this state has been declared unconstitutional state has been declared unconstitutional;
(3) Cases in which orders of the Public Service Commission are in contest, as is provided in Article VI, Section 5 of this Constitution;
(4) Appealable cases involving election contest, but only if the election district from which the suit or contest arises does not lie wholly within a court of appeal circuit; and
(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.
“If a case is appealed properly to the Supreme Court on any issue, the Supreme Court has appellate jurisdiction over all other issues involved in the case. (As amended Acts 1958, No. 561, adopted Nov. 4,1958)." (emphasis added)
Inasmuch as LSA-Const. Art. 7, Section 52 was last amended in 1948, and LSA-Const. Art. 7, Section 29 was amended in 1958, and provides “Any provision of this Constitution or law to the contrary notwithstanding, * * *” we feel that the latest expression of legislative intent as found in LSA-Const. Art. 7, Section 29 must control.
In In re Ledet, 249 La. 1, 184 So.2d 535 (1966), the Supreme Court concluded that it did not have appellate jurisdiction over an adoption proceeding, and as such, trans *456 ferred the appeal to the proper Court of Appeal.
Therefore, for the above and foregoing reasons, the “motion to transfer” is denied at mover-appellant’s costs.
Motion denied.